# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STANLEY C. LOWICKI,                )
                                   )
  Defendant-Below/Appellant,       )
                                   )
v.                                 )    C.A. N18A-01-001 AML
                                   )
STATE OF DELAWARE,                 )
                                   )
  Plaintiff-Below/Appellee.        )

Submitted: August 12, 2019
Decided: October 23, 2019

## ORDER DENYING MOTION FOR REARGUMENT

This 23rd day of October, 2019, upon consideration of the record in this case and the Motion for Reargument ("Motion") filed by Stanley C. Lowicki, it appears to the Court that:

1. On August 5, 2019, this Court affirmed the Court of Common Pleas' decision that Mr. Lowicki did not have a right to appeal a Justice of the Peace Court decision regarding a red light traffic camera citation. Mr. Lowicki timely filed this Motion alleging the Court misapprehended the law.

2. A motion for reargument will be granted if the Court has "overlooked a controlling precedent or legal principles, or the [C]ourt has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[1]

---

[1] *Radius Servs., LLC v. Jack Corrozi Const., Inc.*, 2010 WL 703051, at *1 (Del. Super. Feb. 26, 2010) (citing *Lamourine v. Mazda Motor of Am., Inc.*, 2007 WL 3379048, at *1 (Del. Super. Sept. 24, 2007)).

Movants neither may present new arguments nor rehash those already presented.[2] The movant "has the burden of demonstrating newly discovered evidence, a change in the law or manifest injustice."[3]

3.    Mr. Lowicki contends in his Motion that the Court erred (i) in its statutory interpretation and application of 11 *Del. C.* § 4101 and 21 *Del. C.* § 4101, (ii) by finding Mr. Lowicki waived certain arguments surrounding 11 *Del. C.* § 4101, and (iii) by not resolving the merits of Mr. Lowicki's appeal.  The State argues the Motion should be denied because Mr. Lowicki merely rehashes arguments already presented or raises new arguments for the first time.

4.    The longer Mr. Lowicki's crusade against this traffic citation goes on, the more untethered from reality it becomes.  Mr. Lowicki's present Motion is nearly indecipherable, and attempting to coherently summarize his arguments would be an exercise in futility.  The Court's August 5, 2019 decision thoroughly addressed each of the arguments properly before the Court, and further dilation on those topics is both unnecessary and contrary to the parties' interest in finally resolving this case. Mr. Lowicki's Motion does not cite any controlling precedent overlooked by the Court, and he has not identified any newly discovered evidence, a change in the law,

---

[2] *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. July 31, 2008).
[3] *Id.* (quoting *State v. Brooks*, 2008 WL 435085, *2 (Del. Super. Feb. 12, 2008)).

or manifest injustice. For the foregoing reasons, Defendant's Motion for Reargument is **DENIED. IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:   Andrew G. Kerber, Deputy Attorney General
       Stanley C. Lowicki, Esquire